# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

EMIL MARSHON SIMON,

        Plaintiff,

v.

CEVA U.S. HOLDINGS, INC.,

        Defendant.

CIVIL ACTION

No: 12-2797-KHV-DJW

## MEMORANDUM AND ORDER

Before the Court is a Motion for Appointment of Counsel (ECF No. 4) filed by Plaintiff. For the reasons set out below, the Court denies the motion.

## I. Relevant Factual Background

Plaintiff *pro se* commenced this action in December 2012 by filing a civil complaint. The Court granted him permission to proceed with this action *in forma pauperis*. Before the defendant answered or otherwise appeared in this action, Plaintiff amended his complaint to correct an apparent jurisdictional deficiency.

## II. Motion for Appointment of Counsel

In general, there is no constitutional right to appointment of counsel in a civil case.[1] Plaintiff asserts in his amended complaint a claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., but he has as yet provided no adequate basis to appoint counsel under that statute.

---

[1] *See Nelson v. Boeing Co.*, 446 F.3d 1118, 1120-22 (10th Cir. 2006) (noting that "the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases" and declining to recognize a right to counsel in a Title VII context); *Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) ("There is no constitutional right to counsel in either a Title VII case or other civil case."); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992) (holding that there is no constitutional right to counsel in Title VII case); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) ("There is no constitutional right to appointed counsel in a civil case.").

For actions under Title VII, the statute 42 U.S.C. § 2000e-5(f)(1) provides discretionary authority for appointing counsel "in such circumstances as the court may deem just."[2] It provides no statutory right to counsel, only "a statutory right to **request** appointed counsel at court expense."[3] The Court has "extremely broad" discretion to appoint counsel under § 2000e-5(f)(1).[4] For guidance the Tenth Circuit has identified factors that courts consider when evaluating a motion for appointment of counsel. Appointment of counsel is only appropriate under § 2000e-5(f)(1) after the plaintiff has affirmatively shown "(1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination."[5] As "an aid in exercising discretion" in close cases, the Court should also consider whether the plaintiff has the "capacity to present the case without counsel."[6]

When considering appointment of counsel, the Court remains mindful that Congress has provided no mechanism for compensating appointed attorneys.[7] "Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims

---

[2]While this discretion is "extremely broad," as discussed in more detail later, long-standing Tenth Circuit precedent makes the financial ability to pay for counsel and other factors "relevant to the inquiry whether to appoint counsel." *See Castner*, 979 F.2d at 1420-21.

[3]*See Nelson* 446 F.3d at 1120-22 (emphasis added).

[4]*Castner,* 979 F.2d at 1420.

[5]*Id.* at 1421.

[6]*Id.* (recognizing *Poindexter v. FBI*, 737 F.2d 1173 (D.C. Cir. 1984) as one of several cases that had identified this fourth factor).

[7]*Id.*

will waste precious resource and may discourage attorneys from donating their time."[8] Finally, the Court notes that it has a limited pool of volunteer attorneys from whom it may appoint counsel.

The factors considered under Title VII regarding appointment of counsel are similar to those considered when deciding to request an attorney to represent an indigent party under § 1915(e)(1). Consequently, a ruling on a motion under Title VII generally supports denying appointment under § 1915(e)(1) as well.

### A. Financial Ability to Secure Counsel

Plaintiff has submitted a financial affidavit in this action. Based upon that affidavit, the Court has granted him permission to proceed in forma pauperis. The affidavit likewise shows that Plaintiff is financially unable to secure counsel. In the appointment-of-counsel context, the pertinent inquiry is whether the party seeking appointment can "meet his or her daily expenses" while also hiring an attorney.[9] Given the financial affidavit, Plaintiff has shown that he would be unable to meet his daily, non-discretionary expenses were he to hire an attorney.

### B. Efforts to Secure Counsel

To obtain appointment of counsel, a party must make diligent efforts to secure counsel. This typically requires the party to meet with and discuss the case with at least five attorneys.[10] In his present motion, Plaintiff states he has contacted six attorneys, but has been unable to obtain their services. He also provided documentation that he conferred personally with those attorneys about his case. Based on that information, the Court finds that Plaintiff has made sufficient efforts to

---

[8]*Id.*

[9]*Id.* at 1422.

[10]*Jeannin v. Ford Motor Co.*, No. 09-2287-JWL-DJW, 2009 WL 1657544, at *1 & n.10 (D. Kan. June 12, 2009).

secure counsel.

## C. Merit of Allegations

To warrant appointment of counsel, Plaintiff must also affirmatively show that he asserts meritorious claims. He makes no attempt, however, to demonstrate the merits of his claims in his motion for appointment. Because he now asserts a Title VII claim, federal jurisdiction does not appear problematic. But at this stage of the litigation, the merits of Plaintiff's claims remain uncertain. A general review of the complaint provides no strong indicia regarding the merits of the claims. Moreover, although the original complaint shows that Plaintiff filed a charge of discrimination and received a right to sue letter, that letter merely states that "[t]he EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge."[11] But Plaintiff has not even provided that letter with his amended complaint. Nor has he provided a copy of the findings that the Equal Employment Opportunity Commission (EEOC) adopted or any investigative file leading to those findings.

"The Notice of Right-to-Sue Letter allows the Court to determine whether a plaintiff's complaint is timely filed, and it is one piece of information the Court uses to determine whether counsel should be appointed."[12] When considering the merits of Title VII claims, furthermore, an "administrative finding is a 'highly probative' factor to be considered."[13] A "determination that there is probable cause to believe the complainant is a victim of discrimination creates a rebuttable presumption that the plaintiff's case has sufficient merit to satisfy this factor in the analysis of

---

[11]*See* Dismissal and Notice of Rights, attached to Compl. (ECF No. 1).

[12]*See Jeannin*, 2009 WL 1657544, at *2.

[13]*Castner*, 979 F.2d at 1422.

4

whether to appoint counsel."[14] On the other hand, unless the complaint is legally insufficient to state a claim, the courts should ordinarily "review the investigative file and allow the pro se plaintiff an opportunity to rebut" adverse conclusions before determining that the merits of the claims do not support appointment of counsel.[15] But "an adverse administrative finding coupled with many attorneys declining to represent the plaintiff, may 'provide strong evidence that plaintiff's case lacks merit.'"[16] This is "especially true in cases, such as this, in which attorneys often agree to represent a party for a fee contingent only upon the success of the claim."[17]

In any event, while "the Court may not give preclusive effect to administrative findings that are adverse to the plaintiff, parties seeking appointment of counsel generally cannot carry their burden to affirmatively show meritorious claims of discrimination when they fail to provide 'highly probative' information for consideration."[18] In light of the information before it, the Court does not find that Plaintiff has carried his burden to show that his claims are of such merit as to necessarily warrant appointment of counsel.[19]

Nevertheless, from the amended complaint it appears that Plaintiff may have some chance

---

[14]*Id.* (citing *Poindexter*, 737 F.2d at 1187, with approval).

[15]*Id.*

[16]*Rand v. Wolf Creek Nuclear Operating Corp.,* No. 11–4136–KHV, 2012 WL 1154509, at *4 (D. Kan. Apr. 5, 2012) (quoting *Jones v. Pizza Hut, Inc.*, No. 10-CV-442-WYD-KMT, 2010 WL 1268048, at *2 (D. Colo. Mar. 30, 2010)).

[17]*Id.*

[18]*Id.* (citation footnote omitted).

[19]This is not to say that the claims are obviously frivolous or otherwise legally insufficient. Appointment is clearly not warranted in those circumstances. *See Poindexter v. FBI*, 737 F.2d 1173, 1187 (D.C. Cir. 1984). But that is not a necessary determination when ruling on a motion for appointment of counsel. *See id.* at 1187 n.35 (recognizing that "the court need not, and should not, go so far as to actually decide the merits of the case prior to a decision on the plaintiff's request for appointment of an attorney").

5

to prevail in this action. In such circumstances, the courts should not simply refuse appointment "for want of a meritorious claim."[20] But the mere fact that the claims may have some colorable or potential merit is not sufficient to warrant appointing counsel at this juncture. Instead, when "the plaintiff has a colorable claim then the district court should consider the nature of the factual issues raised in the claim and the ability of the plaintiff to investigate the crucial facts."[21]

The limited pool of volunteer attorneys would quickly evaporate were the Court to appoint counsel for every indigent plaintiff who has stated a colorable claim and who has made sufficient efforts to secure counsel without the court's assistance. Given the uncertain merits of Plaintiff's claims and the lack of any administrative findings, it is not prudent to appoint counsel at this early stage of the litigation merely because Plaintiff is indigent, has made diligent efforts to obtain an attorney, and may have some chance to prevail in this action.

### D. Capacity to Present Case Without Counsel

Given the uncertain merits of his claims, the Court considers the ability of Plaintiff to present his case without counsel. Nothing before the Court suggests that he needs an attorney to adequately present his case. The factual and legal issues in this employment discrimination case do not appear to be complex. Plaintiff has shown no reason why he cannot adequately research and investigate the case on his own. His pleadings and written submissions reflect some understanding of court

---

[20]*Id.* at 1187.

[21]*Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citation omitted). The factors listed in *Rucks* are the same factors set out in *Castner* for determining the plaintiff's ability to present the case without counsel. *See Castner*, 979 F.2d at 1422. Regardless, the Court's broad discretion with respect to appointment of counsel permits consideration of non-Title VII cases and the factors set out therein. While phrased in different ways, the relevant considerations for appointing counsel under the various statutes essentially serve the same purpose, i.e., ascertaining whether it is just or appropriate to appoint counsel in the case then before the Court.

rules and procedures, and he has access to local law libraries. At this stage of the proceedings, it is unclear whether the evidence in this case will consist of conflicting testimony so as to require skill in the presentation of evidence and cross-examination or whether the appointment of counsel will shorten trial or assist in a just determination.

### E. Other Considerations

The Court recognizes that its perception of the merits and other factors relevant to the issue of appointment of counsel may vary over time.[22] Due to such variance, courts "often reevaluate the need for appointed counsel at various stages of the proceedings."[23] While "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision – for example, until after resolution of dispositive motions – in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[24] As aptly stated in *Ficken*:

> Other factors contribute to the tentative nature of orders denying appointment of counsel. Because district judges are reluctant to "squander[] [their] limited resources of attorneys willing to take pro bono appointments," they often postpone the appointment decision until after dispositive motions as a means of weeding out frivolous or unmeritorious cases. The timing of the appointment may also reflect the district court's assessment of the adequacy of the record for purposes of its own decisionmaking. A district court that initially denies a motion to appoint counsel because it feels comfortable resolving a motion to dismiss on the basis of a record produced by a pro se plaintiff may later appoint counsel to ensure the development of a record adequate for summary judgment or trial.[25]

The considerations discussed in *Ficken* are as relevant today as they were when pronounced

---

[22]*See Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998) (relying extensively on factors set out in *Poindexter v. FBI*, 737 F.2d 1173 (D.C. Cir. 1984)).

[23]*Id.*

[24]*Id.*

[25]*Id.*

in 1984.  Given the burgeoning federal court dockets, increased pro se filings, and a seemingly ever decreasing pool of pro bono attorneys, the timing of a request for appointment of counsel arguably takes on more importance.  In most cases the courts simply lack sufficient information about the merits of the claims and/or an inability of the plaintiff to present the case without counsel.  And because the movant has the burden to affirmatively show that asserted claims are meritorious, motions for appointment filed early in a case may not succeed.  But by denying such motions without prejudice to a similar motion at a later stage of the litigation, the courts do not preclude appointment should it become apparent that counsel should be appointed.

**IT IS THEREFORE ORDERED** that the Motion for Appointment of Counsel (ECF No. 4) is denied without prejudice to Plaintiff filing a similar motion, if he survives summary dismissal.  If the case proceeds to trial, furthermore, the Court may on its own motion reconsider whether the circumstances warrant a request for counsel to represent Plaintiff at that time.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 12th day of July, 2013.

<u>S/ David J. Waxse</u>
David J. Waxse
United States Magistrate Judge